# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **SIDECARS, INC. d/b/a TRUWARRANTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:24-cv-05010-MDH** |
| | ) | |
| **KUNES COUNTRY AUTOMOTIVE** | ) | |
| **MANAGEMENT, INC., d/b/a KUNES** | ) | |
| **AUTO GROUP,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendants' Motion to Stay Deposition Discovery and Stay Pending Scheduling Order Deadlines Pending Resolution of Defendants' Motion to Transfer Venue (Doc. 40) and Defendants' Motion to Transfer Venue. (Doc. 41). Defendants move for an order transferring the above captioned matter to the Eastern District of Wisconsin for further proceedings. Plaintiff opposes the motion. The Court held a telephone conference on the issues raised in the briefing and the matter is ripe for review.

## BACKGROUND

Defendant Kunes is a motor vehicle dealer. Kunes, the founder and owner of the motor vehicle dealer, also founded Ignition Dealer Services ("IDS"). IDS markets motor vehicle finance programs and related finance and insurance products (F&I products) to motor vehicle dealerships and finance companies across the United States. IDS is an agent marketing F&I Programs on behalf of product vendors and administrators. Plaintiff SideCars is an F&I Product Vendor with whom Kunes partnered to market SideCars' F&I products to Kunes and third-party dealerships and lenders.

1

**Wisconsin Lawsuit**

Defendants filed a lawsuit in Wisconsin (the "Wisconsin lawsuit") on September 11, 2023. The Amended Complaint is 86 pages and asserts 20 counts that include contract, tort, and statutory claims against Spencer Walters and some combination of related entities and other individuals. The Amended Complaint begins with a paragraph called "Nature of the Action" that summarizes the claims as follows: This lawsuit arises from the actions of a former executive, Spencer Walters, who, in collaboration with his associates over multiple years, schemed to pillage Plaintiffs' business of revenue, clients, and valuable trade secrets. The Amended Complaint alleges Walters and others, individually and collectively, defrauded, thieved, and committed other unlawful acts against Plaintiffs to enrich themselves and to harm Plaintiffs.

SideCars is named as a Defendant in the Wisconsin lawsuit. Defendants claim there are seven claims against SideCars in that litigation, including: fraud/intentional misrepresentation; aiding and abetting; tortious interference with contracts; tortious interference with prospective business relationships; violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq.; violation of Wis. Stat. § 134.90 Wisconsin Trade Secrets; and civil conspiracy.

**This Lawsuit**

SideCars filed this action on December 22, 2023, asserting contract claims relating to three specific contracts between SideCars and Defendants. Specifically, SideCars asserted claims for (1) breach of contract related to a failure to pay "chargebacks" it was owed resulting from the sales of F&I Products that were cancelled; (2) quantum meruit and unjust enrichment related to the same chargeback issue (pleaded in the alternative); and (3) breach of contract due to pervasive powerbooking (a fraudulent practice in which an automotive dealer overstates a vehicle's features

to falsely inflate the vehicle's value). One of the three contracts, the Dealer Agreement, provides: "In the event of any dispute concerning this Agreement, [Kunes] hereby consents and submits to personal jurisdiction of any state or federal court having its situs in Jasper County, Missouri."

On February 2, 2024, Defendants removed the case. On February 9, 2024, Defendants filed an Answer that included a statement that Defendants admit that jurisdiction and venue are proper in this Court. On June 21, 2024, Defendants filed an amended answer and asserted counterclaims. Defendants assert: (1) a breach of contract claim relating to adjudication of claims and the handling of cancellations; and (2) a Defend Trade Secrets claim for purportedly sharing Defendants' pricing information contrary to confidentiality provisions in the contracts. The counterclaims also assert that the parties are subject to personal jurisdiction and that venue is correct in this forum.

The counterclaims raised by Defendants argue they are entitled to an offset under the Dealer Agreement for any payments SideCars made to anyone inside or outside of Kunes in response to SideCars' allegations that Kunes and IDS failed to reimburse SideCars for refunds that SideCars paid to dealership branches on Defendants' behalf. Defendants also contend their affirmative defense of offset and the Integrity clause under the Dealer Agreement all relate to the issues in the Wisconsin Lawsuit. However, Defendants did not claim that this case was related to the Wisconsin Lawsuit either at the time they removed the case, originally filed an answer, or filed an amended answer and counterclaim.

The parties have engaged in mediation and discovery in this case. Depositions were scheduled to be taken. It was after depositions had been noticed in this case that Defendants filed a motion seeking to have the case transferred to the Eastern District of Wisconsin and for the first time argued that the issues raised in this lawsuit are nearly identical to the one pending in Wisconsin.

Defendants argue that this case is on a faster schedule and approaching a point in discovery where both sides need to take depositions. Defendants state they do not want parties subpoenaed twice for similar issues. Further, Defendants state five employees who have already been subpoenaed are within 100 miles of the Eastern District of Wisconsin. For the reasons set forth herein, this Court denies the motion.

**STANDARD OF REVIEW**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of transfer under Section 1404(a) is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612 (1964) (citation omitted). Further, "the avoidance of 'duplicative and piecemeal litigation' is a factor that weighs in favor of transferring an action to a district in which all parties can be joined in a single action." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985).

The first step in evaluating a motion to transfer under Section 1404(a) is to determine whether the case "might have been brought" in the transferee court. See *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000). Courts must then examine "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); see also 28 U.S.C. § 1404(a). The Court may also consider any other factors it finds relevant when deciding whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

In this Circuit, courts "defer[] to [the] plaintiff's choice of forum," unless the defendant can show that factors of convenience and justice warrant transfer pursuant to 28 U.S.C. § 1404(a); *Id.* (citing *Terra Int'l, Inc.*, 119 F.3d at 695); see also *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. at 927 ("In any determination of a motion to transfer under § 1404(a), the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought, as is the case here."); and *Durabla Mfg. Co. v. Cont'l Cas. C*o., No. 98-1596 JRT RLE, 1998 WL 957250, at *3 (D. Minn. Oct. 26, 1998) ("Generally, a plaintiff's choice of a forum is a central consideration in determining whether to transfer an action and, therefore, that choice should not be lightly disturbed.").

## DISCUSSION

First, Defendants argue the Court should consider the first-to-file doctrine that applies to the "race to the courthouse" between parties bringing complaints involving "the same parties and issues." Citing *Orthmann v. Apple River Campground, I*nc., 765 F.2d 119, 121 (8th Cir. 1985) (citations omitted)). The Court is not persuaded by this argument. The case was removed in February 2024 and Defendants first raised the issue of a transfer in September, eight months later. Defendants argue overlapping issues between the cases however, Defendants did not raise this argument when filing their answer and counterclaim as discussed below. Further, while there may be some overlap between the parties and the issues presented in the two cases, the Court does not find the parties filed duplicative or competing lawsuits. The Court finds the first-to-file doctrine does not apply in this instance.

Next, Defendants argue the balance of convenience weighs in favor of transfer because of the convenience of the parties, witnesses, accessibility to records and documents, and location where conduct occurred. Defendants contend the interest of justice also favors transfer. This Court

disagrees. Defendants have not presented a clear basis for this Court to transfer the case at this time.

Plaintiff argues the Court should deny the motion before even reaching the merits of Defendants' arguments because it was filed to buy time in discovery. Plaintiff states, while "Section 1404(a) sets no time limit on when a motion to transfer can be made, . . . [if] the filing of the motion for transfer is a dilatory tactic, a district court may deny the motion for transfer." Citing *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980) (citations omitted).

Plaintiff agues Defendants waited to file the motion to transfer (and motion to stay) until after discovery deficiencies were exposed and, more importantly, the day before their witnesses' depositions were to begin. Again, this case has been pending since February 1, 2024 in the Western District of Missouri and the issue of jurisdiction and venue had not previously been raised. In fact, Defendants had affirmatively acknowledged jurisdiction and venue were proper in this Court. While Defendants are not time barred from filing the motions, despite their prior pleadings and failure to previously raise this issue, the record before the Court makes the timing of Defendants' current motions, on the eve of scheduled depositions, questionable at most.

## DECISION

Here, the Court finds Defendants have failed to establish that the case should be transferred to the Eastern District of Wisconsin. The Court hereby **DENIES** the motion to transfer. Further, in light of the Court's ruling on the motion to transfer, the Court finds Defendants' Motion to Stay Deposition Discovery and Stay Pending Scheduling Order Deadlines Pending Resolution of Defendants' Motion to Transfer Venue (Doc. 40) is moot. The motion to stay is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: October 21, 2024

       */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**